# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| HORRAL CRITCHLOW, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) |  |
| v. | ) | No. 13-CV-01404-JAR-KMH |
| BARCAS FIELD SERVICES, LLC, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

Plaintiff Horral Critchlow filed this action against Defendants Barcas Field Services, LLC ("BFS") and Kevin Foxx, alleging breach of contract and violations of the Kansas Wage Payment Act. This matter is before the Court on Defendants' Motion for Stay of Proceedings (Doc. 32). The matter is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court **denies** Defendants' motion to stay the proceedings.

## I. Background

On September 18, 2013, Defendant BFS filed a complaint against Plaintiff in the United States District Court for the Northern District of Oklahoma (hereinafter "Oklahoma Action"), seeking a declaration that Plaintiff was not entitled to a bonus equal to 5% of the net proceeds derived from Defendant BFS' sale of assets. On October 2, 2013, Plaintiff filed a complaint in Sedgwick County, Kansas against both Defendants, also seeking 5% of the net proceeds derived from Defendant BFS's sale of assets. On October 25, 2013, that action (hereinafter "Kansas Action") was removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

On January 13, 2014, Plaintiff timely moved to dismiss in the Oklahoma Action, arguing that Oklahoma courts lacked personal jurisdiction and that the action constitutes an anticipatory

filing that is designed to deny Plaintiff his choice of forum. That motion is still pending in the Oklahoma Action.

On November 1, 2013, Defendants filed a Motion to Dismiss or, in the Alternative, Transfer or Stay Action (Doc. 7), solely based on the first-to-file rule. Plaintiff responded, arguing that the first-to-file rule does not apply. On March 17, 2014, Defendants filed a motion for injunctive relief to enjoin Plaintiff from pursuing the Kansas Action, based in part on the first-to-file rule. On March 31, 2014, Defendants filed the instant motion, yet again, requesting a stay based on the first-to-file rule.

## II.     Discussion

Defendant requests that this Court issue a stay pending a decision in the Oklahoma Action pursuant to the first-to-file rule. "It is well settled that a district court has the power to stay the proceedings before it, as an inherent part of the court's power to control its docket."[1] "This power, however, is clearly within the court's discretion, to be used for the purpose of economy of time and effort for itself, for counsel, and for litigants."[2]

The Tenth Circuit applies the first-to-file rule, which "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court."[3] The parties only need to be substantially similar for the rule to apply.[4] To the extent that Defendants argue for application of the first-to-file rule, the

---

[1] *Barton Solvents, Inc. v. Sw. Petro-Chem, Inc.,* 836 F. Supp. 757, 763 (D. Kan. 1993) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963))

[2] *Barton Solvents*, 836 F. Supp at 763 (citations and quotations omitted).

[3] *Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010) (citing cases).

[4] *Id.* (citations omitted).

Court declines to decide its application at this time. Disposition based on the first-to-file rule was raised in Defendants' November 1, 2013 motion, currently pending before the Court.

Defendants next request a stay based on judicial economy. In the instant motion, Defendants reiterate arguments from their November 1, 2013 motion in which they requested a stay. And, Defendants filed a motion for an expedited injunction in the Oklahoma Action, which in essence stays the Kansas Action. Simply put, Defendants have requested a stay based on the first-to-file rule in three separate court filings. This flurry of filings seeking the same relief flies in the face of their arguments for preservation of judicial economy. Accordingly, the Court declines to exercise its discretion to stay and denies Defendants' instant motion.

Because the same discovery will be necessary in the Kansas Action and Oklahoma Action, the parties may seek identical scheduling deadlines until the pending motions to dismiss are decided in both courts.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendants' Motion for Stay of Proceedings (Doc. 32) is **DENIED**.

Dated: April 1, 2014

                                                   S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   UNITED STATES DISTRICT JUDGE