IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| HORRAL CRITCHLOW | ) | |
| --- | --- | --- |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 13-CV-01404-JAR-KMH |
| | ) | |
| BARCAS FIELD SERVICES, LLC, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Horral Critchlow filed this action against his former employers, Defendants Barcas Field Services, LLC ("BFS") and Kevin Foxx, alleging breach of contract and violations of the Kansas Wage Payment Act. This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, to Transfer or Stay Action (Doc. 7) and Plaintiff's Motion for Leave to File a Sur-reply in Opposition to Defendant's Motion to Dismiss (Doc. 18). Defendants' motion to dismiss is fully briefed and the Court is prepared to rule. For the reasons stated below, the Court **denies** both motions as moot.

**I.     Background**

The following facts are alleged in the Complaint and are construed in the light most favorable to Plaintiff. When Plaintiff was approached to work for BFS, he was living in Kansas. While the job allowed Plaintiff to work from home, it also required plaintiff to travel to Texas and other states. As an inducement to accept the job, Defendant Foxx offered Plaintiff a bonus equal to 5% of the net proceeds from any future sale of BFS or its assets. This action arises from a dispute over Plaintiff's alleged entitlement to the bonus derived from the sale of BFS's assets to Rose Rock Midstream, LP for $47,000,000.00. Plaintiff did not receive the entitlement bonus

and Defendant Foxx denies that he was entitled to such a bonus.

On September 18, 2013, BFS filed a complaint against Plaintiff in the United States District Court for the Northern District of Oklahoma (hereinafter "Oklahoma Action"), seeking a declaration that Plaintiff was not entitled to 5% of the net proceeds derived from Defendant BFS's sale of assets. On October 2, 2013, Plaintiff filed a complaint in Sedgwick County, Kansas against both Defendants, also seeking 5% of the net proceeds derived from Defendant BFS's sale of assets. On October 25, 2013, that action (hereinafter "Kansas Action") was removed to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.

Subsequent to filing the instant motion to dismiss, Defendants filed a Motion to Stay solely based on the first-to-file rule, discussed more fully below, before this Court. In an order of April 1, 2014, the Court denied Defendants Motion to Stay, declining to reach the question of whether the first-to-file rule applied. Defendants recently filed notice that the Oklahoma Action was dismissed, attaching a copy of the Oklahoma court's order. The Oklahoma court declined to apply the first-to-file rule and dismissed the action entirely.

**II.     Discussion**

Defendants argue that this Court should apply the first-to-file rule and dismiss, or in the alternative, transfer or stay this action. The Tenth Circuit applies the first-to-file rule, "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."[1] The parties only need to be substantially similar for the rule to apply.[2] The presumption usually afforded the party who files first is not a rigid or mechanical rule; courts

---

[1] *Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir. 1982); *see also Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010) (collecting cases).

[2] *Id.* (citations omitted).

2

have carved out an exception where the first-filed suit constitutes an improper anticipatory filing, or one made under the threat of a presumed adversary filing the mirror image of that suit in a different district.[3] "A district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction."[4] The first-to-file rule is only appropriate when the actions of two competing courts are concurrent. Considering that the Oklahoma action has been dismissed, the Court finds that application of the first-to-file rule is now moot and denies Defendants' motion to dismiss.

In light of the Court's finding above, Plaintiff's motion for leave to file a sur-reply to Defendants' motion to dismiss is also denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss or, in the Alternative, to Transfer or Stay Action (Doc. 7) is **denied** as moot.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File a Sur-reply in Opposition to Defendant's Motion to Dismiss (Doc. 18) is also **denied** as moot.

Dated: April 25, 2014

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[3] *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448-JHV, 2002 WL 31898217, at *2 (D. Kan. Dec. 10, 2002) (citing *Boatmen's First Nat'l Bank v. KPERS*, 57 F.3d 638, 641 (8th Cir. 1995)) (stating "red flags" that suggest compelling circumstances to disregard the first-filed rule include notice that other side was considering filing lawsuit, and fact that first-filed suit was a declaratory judgment action).

[4] *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga.*, 189 F.3d 477, 1999 WL 682883 (Table) (10th Cir. 1999)(citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987)).