IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HORRAL CRITCHLOW,            )
                             )
        Plaintiff,           )
                             )
v.                           )    Case No. 13-1404-JAR
                             )
BARCAS FIELD SERVICES, LLC, et al.,  )
                             )
        Defendants.          )
_____)

## MEMORANDUM AND ORDER

Plaintiff filed this action against his former employer alleging breach of contract and violations of the Kansas Wage Payment Act. This matter is before the court on plaintiff's motion to compel defendants to fully respond to plaintiff's First Request for Production of Documents and First Set of Interrogatories (Doc. 48). For the reasons set forth below, plaintiff's motion is GRANTED.

### Background[1]

In 2010 co-defendant Kevin Foxx, Chief Executive Officer and founder of Barcas Field Services, LLC ("BFS"), approached plaintiff regarding possible employment. Foxx sought a manager to oversee a new BFS location in southern Texas. Although plaintiff resided in Kansas, Foxx suggested that plaintiff could work from his home a portion of the time and travel to Texas and other states as necessary. Plaintiff alleges that, to make

---

[1] The following facts are taken from plaintiff's complaint (Doc. 1, Ex. A) and defendants' motion to dismiss (Doc. 8, Ex. B).

the position more attractive, Foxx offered plaintiff a bonus equal to 5% of the net proceeds from any future sale of BFS or its assets. Plaintiff accepted Foxx's offer of employment and worked for BFS from 2010 until September 1, 2013. On September 2, 2013, BFS sold its assets to Rose Rock Midstream, LP for a reported $47,000,000. Plaintiff claims that under the terms of the employment agreement he was entitled to 5% of the net proceeds of that sale. Defendants claim that plaintiff was an at-will employee and deny that he was entitled to any bonus.

## Plaintiff's Motion to Compel (Doc. 48)

Plaintiff seeks to compel defendants to respond to selected interrogatories and requests for production. Defendants initially responded to plaintiff's discovery requests on March 6, 2014.[2] They later amended their responses on May 5, 2014.[3] After plaintiff filed his motion, defendants provided supplemental responses[4] to the disputed discovery requests and now argue that plaintiff's motion should be moot. Plaintiff disagrees that all issues are resolved and seeks clarification of defendants' responses and additional production. Upon review of the parties' correspondence included in the briefing, the court finds that the parties have adequately conferred as required by D. Kan. Rule 37.2. The remaining issues are addressed in the same sequence in which the parties have categorized the disputed responses.

---

[2] *See* Defs.' Objs. and Resps. to Pl.'s First Requests for Produc., Doc. 33, Ex. F; Defs.' Objs. and Resps. to Pl.'s First Interrogs., Doc. 33, Ex. G.
[3] *See* Defs.' Am. Objs. and Resps. to Pl.'s First Requests for Produc., Doc. 54, Ex. A; Defs.' Am. Objs. and Resps. to Pl.'s First Set of Interrogs., Doc. 54, Ex. B.
[4] *See* Defs.'s First Suppl. Resps. to Pl.'s First Requests for Produc., Doc. 57, Ex. A.

I.      **Requests for Production**

**Request Nos. 2, 6, 11, 13, 17, and 18**.

Plaintiff argues that defendants waived any objections to Request Nos. 2, 6, 11, 13, 17, and 18 by providing conditional responses, which have recently been found invalid by Magistrate Judge James P. O'Hara.[5]  In each disputed response, defendants assert specific objections but then identify and produce documents "notwithstanding their objections."

Plaintiff does not address defendants' substantive objections but simply challenges defendants' conditional responses.  The court joins others in this district in cautioning the parties against the use of conditional responses.[6]  But here, defendants have provided in each response a table identifying each produced document by Bates numbers and description.  However, the responses fail to specify *exactly* what portion of the request is being objected to, as required by Fed. R. Civ. P. 34(b)(2)(C), and/or whether the documents produced *fully* satisfy plaintiff's requests.  Therefore, without adopting the harsh result of waiving all objections, the court finds it imperative that defendants should

---

[5] *Sprint Commc'ns Co. v. Comcast Cable Commc'ns, LLC*, Case Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *3 (D. Kan. Feb. 11, 2014).  *But see Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, 11-2684-JWL, 2014 WL 1569963, at *3 (D. Kan. Apr. 18, 2014) (reconsidering the court's earlier order and finding that although conditional responses remain invalid, under those facts no party was confused or inconvenienced by the responses).

[6] *See, e.g., Westlake v. BMO Harris Bank N.A.*, 13–2300–CM–KGG, 2014 WL 1012669, at *3 (Mar. 17, 2014) (noting that the court strongly disapproves of conditional responses); *Cox v. Ann*, 12-2678-KHV-GLR, 2014 WL 791170, at *5 (Feb. 27, 2014) (criticizing conditional answers to discovery and directing counsel to review Judge O'Hara's order in *Sprint*, 2014 WL 545544).

3

clarify their responses.[7]

Although the parties do not address the substantive objections and the court is loathe to issue advisory opinions, defendants are cautioned to review the broad standard of relevance during discovery. A number of defendants' substantive objections to the disputed requests include defendants' position that the requested documents "have no tendency to make any fact of consequence to this action more or less likely to be true." This language misstates the legal standard. Relevance in the context of discovery is minimal relevance, which means a request should be deemed relevant if there is any possibility that the request will lead to the discovery of admissible evidence.[8]

In light of the above, plaintiff's motion to compel is **GRANTED** as to Request Nos. 2, 6, 11, 13, 17, and 18. Defendants are ordered to confirm in writing whether they have produced *all* responsive documents. If defendants have withheld any responsive documents, they must specifically identify the documents and provide a proper privilege log if appropriate.

**Request No. 5**

Defendants' initial response to plaintiff's Request No. 5 includes objections based on overbreadth, relevance, and vagueness. Defendants' supplemental responses identify and produce specific documents while stating that the production is "in addition to its

---

[7] *See Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, 08-CV-2662 JAR-DJW, 2011 WL 939226, at *8-9 (D. Kan. Feb. 25, 2011) (allowing the conditional responses to be amended for clarity), *objections overruled,* 2011 WL 1434626 (D. Kan. Apr. 14, 2011).
[8] *Cady v. R & B Servs. - Wichita, LLC*, 13-1331-KHV, 2014 WL 1309089, at *1 (D. Kan. Apr. 1, 2014) (citing *Teichgraeber v. Memorial Union Corp. of Emporia State University,* 932 F.Supp. 1263, 1265 (D.Kan.1996)).

earlier objections."  Plaintiff argues that defendants' amended and supplemental responses to Request No. 5 are improper, e.g., their objection on relevance is unfounded, their attempt to limit the scope of the request is improper, and they have provided conditional responses.

The court finds that plaintiff has met its minimal burden of showing relevance on the face of the request and the scope of the request is not overbroad.  The burden then shifts to defendants to prove their objections[9] but defendants have failed to even address them.  Furthermore, because defendants' conditional responses leave open the question of whether they have produced all responsive documents, the court finds it necessary for defendants to clarify their responses.  Therefore, plaintiff's motion regarding Request No. 5 is **GRANTED**.  Defendants are ordered to produce all documents responsive to Request No. 5 and to confirm in writing that they have done so.

**Request No. 7**

Plaintiff's Request No. 7 seeks documents pertaining to any agreement to pay other employees a bonus based on a percentage of the net proceeds from the sale of BFS. Defendants initially objected on the basis of relevance and because the information requested is confidential.  In their amended responses, defendants restate their relevance objection and assert the attorney-client and/or work product privileges.  But in both their amended and supplemental responses, defendants identify and produce documents "notwithstanding their objections."

---

[9] *See Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006).

Plaintiff's motion regarding Request No. 7 focuses on the alleged severance agreement between BFS and another former employee, David Clemens. During discovery, defendants disclosed that BFS offered Clemens a severance bonus of exactly twice the amount offered to plaintiff.[10] Plaintiff requests a copy of that agreement and defendants have refused to produce it.

Again, defendants have not met their burden to support their objections by failing to address them in their briefing. The court finds the severance agreement is relevant. Any concerns regarding confidentiality can be addressed by making the disclosure subject to the existing Protective Order.[11] Therefore, plaintiff's motion regarding Request No. 7 is **GRANTED**. Defendants are ordered to produce all documents responsive to Request No. 7, including the severance agreement between BFS and David Clemens. Given the conditional nature of defendants' responses, defendants are further ordered to confirm, in writing, that they have produced all such responsive documents. Any documents withheld on the basis of privilege must be identified and included on a privilege log as required by Fed. R. Civ. P. 26(b)(5)(A).

## II. Interrogatories

### Verification of initial responses

Plaintiff's first issue with defendants' interrogatory responses is that defendants

---

[10] Pl.'s Reply, Doc. 57 at 4; Pl.'s Mot., Doc. 48 at 14-15 (referring to the Decl. of Kevin Foxx, Doc. 48, Ex. D at 4-5.)
[11] Prot. Order, Doc. 26.

have only provided verification of their amended answers and not their initial answers.[12] Defendants offer no justification for their failure to provide their initial answers under oath as required by Fed. R. Civ. P. 33(b)(3). Therefore, plaintiff's motion is **GRANTED** to the extent that defendants must provide proper verification for their initial answers to plaintiff's First Set of Interrogatories.

### Interrogatory No. 10

Plaintiff's Interrogatory No. 10 involves substantially the same subject matter as Request No. 5. The interrogatory asks defendants to describe with particularity all statements they made to Rose Rock about plaintiff. Similarly, Request No. 5 asks defendants to produce all correspondence between Rose Rock and defendants pertaining to plaintiff. In defendants' responses to Interrogatory No. 10, they object based on vagueness, compound questions and that such documents are not in defendants' possession. However, in defendants' latest responses, they identify and produce emails responsive to the request for production.

Because defendants fail to explain why their objections should be upheld, the objections are overruled. Additionally, it defies logic that defendants would respond to Request No. 5 (see pages 4-5 *supra*) without similarly responding to the related interrogatory. Therefore, plaintiff's motion is **GRANTED** as to Interrogatory No. 10.

---

[12] *See* Pl.'s Resp. in Opp'n to Defs.' Mot. for Stay, Doc. 33, Ex. G, at 21 (including the incomplete and unsworn statement of Kevin Foxx).

### III. Payment of Expenses

Pursuant to Federal Rule of Civil Procedure 37(a)(5), if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay expenses incurred in making the motion unless circumstances make such an award unjust.  Plaintiff does not request sanctions and, after review of the parties' briefing, the court finds it appropriate and just for the parties to bear their own expenses incurred in connection with this motion to compel.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel (Doc. 48) is **GRANTED**, consistent with the rulings herein.  Defendants shall provide the information ordered produced by **June 20, 2014**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 9th day of June 2014.

                                                _s/ Karen M. Humphreys_____
                                                KAREN M. HUMPHREYS
                                                United States Magistrate Judge