IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HORRAL CRITCHLOW,            )
                             )
           Plaintiff,        )
                             )
v.                           )      Case No. 13-1404-JAR
                             )
BARCAS FIELD SERVICES, LLC, et al.,  )
                             )
           Defendants.       )
                             )

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for leave to file his first amended complaint (Doc. 59). For the reasons set forth below, plaintiff's motion is GRANTED.

## Background

Highly summarized, plaintiff filed this action in the Sedgwick County District Court against his former employer alleging breach of contract and violations of the Kansas Wage Payment Act.[1] The case was removed to this court on October 25, 2013. In January 2014, plaintiff served defendants with discovery requests and the resulting dispute led to plaintiff's April 14, 2014 motion to compel (Doc. 48). In May 2014 defendants produced hundreds of pages of previously-withheld documents. Plaintiff now moves to amend his complaint to join an additional defendant—Barcas, LLC

---

[1] The details of the plaintiff's claims have been described in earlier opinions and will not be repeated. *See* Mem. and Orders, Docs. 50, 60.

("Barcas")—and to add claims against defendant Kevin Foxx for breach of fiduciary duty and punitive damages. Plaintiff also seeks to pierce the corporate veil between Barcas Field Services, LLC ("BFS"), Foxx, and Barcas and impose a constructive trust against assets held by defendants.

## Standard

The standard for permitting a party to amend his or her complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court.[2] Although Fed. R. Civ. P. 15(a)(2) provides that leave "shall be freely given when justice so requires," the decision to allow an amendment is within the sound discretion of the court.[3] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[4] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[5] The factors addressed by the parties are discussed below.

---

[2] Fed. R. Civ. P. 15(a). A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.
[3] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).
[4] *Hinkle v. Mid-Continent Cas. Co.*, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).
[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) report and recommendation adopted, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

## Discussion

### A. Timeliness

The deadline to file any motions to amend the pleadings was June 2, 2014 [6] and plaintiff filed his motion on that date. Therefore, plaintiff's motion is timely on its face. Plaintiff further asserts that the amendments are a direct result of the newly-discovered information found in defendants' May 2014 disclosures. In response defendants suggest that because plaintiff should have known that defendants would not readily share financial information, he should have made his claims for breach of fiduciary duty, punitive damages and constructive trust at the time of his original petition. The court is not persuaded by defendants' argument that plaintiff should have assumed improper behavior on the part of defendants.

Defendants maintain that plaintiff's motion is untimely simply because eight months have passed since the filing of the original petition. However, the cases cited by defendants are distinguishable because the requests for amendment in those cases occurred either after previous amendments or in conjunction with other procedural issues.[7] Here, plaintiff requests amendment within the deadline set by the court and the court finds his request to be timely.

---

[6] Order Granting Plaintiff's Second Unopposed Motion to Modify Scheduling Order, Doc. 43.
[7] *See, e.g.*, *United States v. Burbage*, 280 F. Appx. 777, 783 (10th Cir. 2008) (denying plaintiff's motion to amend in the § 2255 action when the motion was filed nearly a month after the magistrate judge issued his findings and recommendations); *Platte Valley Wyo-Braska Beet Growers Ass'n v. Imperial Sugar Co.*, 100 F. Appx. 717, 720 (10th Cir. 2004) (denying the oral motion as untimely only two and a half months after the original complaint, but in part because of the court's policy against addressing Rule 15 motions during motion to dismiss hearings).

## B. Futility

Defendants contend that the amendment is futile as to proposed defendant Barcas. Specifically, defendants argue at length that the court lacks personal jurisdiction over Barcas. Unfortunately defendants' attempt to argue the merits of the case in the context of plaintiff's motion to amend raises practical issues. In this district, dispositive motions are addressed by the trial judge and non-dispositive motions (including motions to amend) are addressed by the assigned magistrate judge. For this reason, this court will refrain from addressing the dispositive issues in the context of this motion. This does not preclude defendants from filing a motion to dismiss which would be addressed by the district judge.[8]

## C. Prejudice

"Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[9] Although defendants note that courts most often find prejudice when the "amended claims arise out of a subject matter different from what was set forth in the complaint,"[10] they concede that plaintiff's amended claims are "based on the same course of conduct" as the claims included in the original petition.[11] Plaintiff maintains that the amendment would not prejudice defendants because discovery is ongoing, no depositions

---

[8] Defendants are cautioned to carefully review the case law cited in plaintiff's reply brief prior to filing any such motion. *See* Pl.'s Reply, Doc. 78 at 9 (citing *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 229 F. Supp. 2d 1209, 1219 (D. Kan. 2002) (Robinson, J.)).
[9] *Rubio v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).
[10] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (internal citations omitted).
[11] Defs.' Resp., Doc. 69 at 7.

have been taken, and trial is not scheduled until June 2015.[12]  Based on the underlying conduct, the apparent relationship between defendants and proposed defendant Barcas, and the timing of the amendment, the court agrees with plaintiff and finds no prejudice to defendants by allowing the amendment.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to amend his complaint (**Doc. 59**) is **GRANTED**.  Plaintiff shall file his amended complaint on or before **August 1, 2014**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 22nd day of July 2014.

_s/ Karen M. Humphreys_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[12] The court encourages the parties to make every attempt to adhere to the most recent Scheduling Order (Doc. 80) which establishes a discovery deadline of September 26, 2014, in light of the previous four modifications to the schedule.